UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

ALFONZO WESLEY CORLEY, )
 )
    Petitioner, )
 )   Civil Action No.11-CV-0058-KSF
v. )
 )   **MEMORANDUM OPINION**
ERIC D. WILSON, *Warden*, )   **AND ORDER**
 )
    Respondent. )

***** ***** ***** ****

Alfonzo Wesley Corley, confined in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. He challenges the manner in which the Federal Bureau of Prisons ("BOP") has calculated his federal sentence.

As Corley has paid the $5.00 filing fee, the Court reviews the § 2241 petition to determine whether, from the face of the petition and any exhibits annexed to it, he is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see, e.g., Patton v. Fenton,* 491 F.Supp. 156, 158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. If it appears from the face of the § 2241 petition that relief is not warranted, the Court may summarily dismiss the petition. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

For the reasons set forth below, the Court has determined that Corley is not entitled to relief under § 2241. His habeas petition will be denied and this proceeding will be dismissed.

**CLAIMS**

Corley claims that the BOP's refusal to apply certain pre-sentence credits to his federal sentence violates his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. Corley seeks pre-sentence custody credits on his federal sentence, under 18 U.S.C. §3585, for the seventeen months which he served in the custody of Tennessee state officials, between November 8, 2006 and May 5, 2008, the latter being the date on which he began serving his current federal sentence. To that extent, he seeks a *nunc pro tunc* designation of the Tennessee facility where he served that time, pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1991) and 18 U.S.C. § 3621(b). He also seeks "Willis" credits, pursuant to the holding in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), which has been incorporated into the BOP's policy and applies when a prisoner's federal sentence is ordered to run concurrently with a prior state sentence.[1]

While Corley was confined in another federal prison, the Federal Correctional Institution ("FCI")-Petersburg Medium,[2] he exhausted his claims through the BOP's administrative remedy process, 28 U.S.C. § 542.13-16. *See* [R. 2-4, pp. 10-12, 17]. On December 8, 2010, Harrell Watts,

---

[1] Pursuant to BOP Program Statement ("PS") 5880.28, *Sentence Computation Manual*, a federal prisoner is entitled to *Willis* credits when: (1) his federal and state sentences are concurrent; and (2) his federal sentence is to run longer than the state sentence (not counting any credits). When the prisoner meets both criteria, he is entitled to credits on his federal sentence, calculated as follows:

> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that his first sentence begins to run, federal or non-federal. These time credits are known as *Willis* time credits.

P.S. 5880.28(2)(c).

[2] FCI-Petersburg Medium is located in Petersburg, Virginia.

Administrator of the National Inmate Appeals, denied Corley's final administrative appeal. *See id*., pp. 11-12. Corley's § 2241 petition is therefore ripe for disposition.

**CORLEY'S STATE AND FEDERAL CONVICTIONS**

The following is a summary of Corley's state and federal convictions, based on his § 2241 petition, the attached exhibits, and information available through the Public Electronic Access to Public Records ("PACER") website, http://www.pacer.gov/, which compiles information concerning all criminal and civil actions filed in federal courts:

(1) **June 6, 2006**: Tennessee officials arrested Corley on outstanding state warrants.

(2) **June 9, 2006**: Corley was sentenced to serve 10 days in custody for Driving on a Revoked License.

(3) **November 8, 2006**: The State of Tennessee revoked Corley's suspended state sentence for Reckless Endangerment and Aggravated Burglary, and ordered him to serve a six- year sentence of incarceration;

(4) **December 6, 2006**: the United States Marshals Service borrowed Corley from state custody, pursuant to a federal writ of *habeas corpus ad prosequendum*, to appear at a preliminary hearing in the federal criminal proceeding against him in the United States District Court for the Middle District of Tennessee, *i.e.*, *United States v. Corley*, No. 3:06-cr-00234-1-WJH (M.D. Tenn.) (the "Federal Court");

(5) **May 5, 2008**: The Federal Court sentenced Corley to a 60-month prison term for being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924, but ordered Corley's federal sentence to run concurrent with his state sentence, stating that "the federal sentence shall commence on the date of imposition." *See* Judgment entered in the Federal Court

proceeding, at R. 54, p. 2. Corley was then returned to the primary custody of the State of Tennessee to complete service of his state sentence.

(6)     **August 7, 2009**: Corley completed service of his Tennessee state sentence and was taken into federal custody to serve his federal sentence.

## DISCUSSION

The BOP has properly credited Corley's current federal sentence with time served in pre-sentence state custody between June 12, 2006, and November 7, 2006. Contrary to Corley's assertion, he is not entitled to additional credits on his federal sentence for the time he served in state custody between November 8, 2006, and May 5, 2008, because that time was applied to his state sentence, and federal prisoners cannot obtain "double credits" on their federal sentences for time previously applied to another state sentence.

The controlling statute provides as follows, in its entirety:

18 U.S.C. § 3585. Calculation of a term of imprisonment

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence**.

4

28 U.S.C. § 3585 (emphasis added).

According to the BOP's October 6, 2009, "Sentence Monitoring Computation Data" sheet, attached to Corley's § 2241 petition, the BOP calculated Corley sentence as follows:

(a) the earliest date of his federal offense was June 2, 2006;

(b) his 60-month sentence commenced on May 5, 2008, the date on which his federal sentence was imposed;

(c) he received 149 days of *Willis* credit for the time he served in state custody between June 12, 2006 to November 7, 2006, because of his concurrent state sentence;

(d) his projected good-conduct time ("GCT") is estimated to total 235 days by the end of his 60-month sentence;

(e) his "projected statutory release date" is projected as April 15, 2012, after applying 149 days of pre-sentence *Willis* credits and 235 days of GCT; and

(f) his "full-term release date," excluding 235 days of GCT, is projected as December 6, 2012.

[*Id.*, p. 26].

Under subsection (b) of Section 3585, the Attorney General, through the BOP, is granted the authority to grant a prisoner credit for pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). However, in the last line of the statute, Congress has specified that the credits are limited to time "that has not been credited against another sentence." § 3585(b). Awarding a prisoner with double credit for time credited toward another sentence is specifically prohibited by 18 U.S.C. § 3585(b).

The time which Corley spent in state custody between November 8, 2006, and May 5, 2008, has already been credited to his six-year state sentence imposed on November 8, 2006, when the state of Tennessee revoked his suspended sentence for Reckless Endangerment and Aggravated Burglary. Thus, to the extent that Corley seeks credit on his federal sentence under § 3585 for that time-period, he is impermissibly seeking "double credit" on his federal sentence.

To the extent that Corley seeks a *nunc pro tunc* designation pursuant to *Barden v. Keohane*, the BOP has already made such a designation in Corley's favor. Under §3585(a), a federal sentence for a term of imprisonment begins on the date the defendant is received into official federal custody. However, in this case, the Federal Court imposed Corley's 60-month concurrent federal sentence on May 5, 2008, so Corley began serving his federal sentence on that date, instead of August 7, 2009, the date on which he completed his state sentence and was actually "received into federal custody." Therefore, pursuant to *Barden,* the BOP made a *nunc pro tunc* designation of the state facility in which Corley completed service of his state sentence between May 5, 2008 and August 7, 2009, as the facility in which Corley was serving his concurrent federal sentence. That *nunc pro tunc* designation allowed Corley's federal sentence to commence while he was still in state custody, as contemplated by 18 U.S.C. § 3621(b). *See Barden*, 921 F.2d at 483. Because Corley's federal sentence was ordered to run concurrent with his prior state sentence, the BOP has already "pushed up" or accelerated by fifteen months the commencement date of his federal sentence.

Corley was not, however, entitled to a *nunc pro tunc* designation prior to May 5, 2008, the date on which he was sentenced in Federal Court. "[E]ven when a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the undischarged portion of the prior state conviction." *Blecher v. Cauley*,

0:08–132–HRW; 2009 WL 464932 at *2 (E.D. Ky. February 24, 2009) (citing *United States v. Tackles*, 62 F. App'x 900, 902 (9th Cir.2003); *Bianco v. Minor*, 3:03CV0913, 2003 WL 21715347 (M.D. Pa. June 6, 2003). As of May 5, 2008, the "undischarged" portion of Corley's state sentence ran from May 5, 2008, to August 7, 2009, and totaled approximately fifteen months,.

The SMCD reveals that the BOP has properly calculated Corley's federal sentence and has applied all credits to which he is entitled. Corley's sixty-month federal sentence began on May 5, 2008, and would have expired sixty-months later, on May 5, 2013, but the SMCD accurately reflects that Corley will be given 149 days (about five months) of *Willis* credits, which then moves his "full term expiration date" up five months, to December 6, 2012. *See* R. 2-4, p. 26. Further assuming that Corley will earn 235 days of GCT (about eight months) as the BOP has projected,[3] the SMCD accurately reflects that Corley's projected release date then moves up by approximately eight additional months, to April 15, 2012. [*Id.*]. Therefore, the BOP has properly applied Corley's *Willis* credits and has properly determined that his projected release date will be April 15, 2012.

Had the Federal Court *not* ordered Corley's federal sentence to run concurrent to his state sentence, the following time-line would have resulted. First, because the BOP would have treated Corley's five-year federal sentence as commencing on August 7, 2009, instead of May 5, 2008, a difference of fifteen months, his sixty-month sentence would not expire until August 7, 2014. Second, assuming that the BOP would credit that sentence with 149 days (five months) of *Willis* credits,[4] Corley would not reach his full term expiration date until approximately **March 7, 2014,**

---

[3] The award of 235 days GCT is contingent on Corley not being convicted of any disciplinary infractions which could result in the forfeiture of GCT.

[4] Again, the BOP has determined that Corley is entitled to 149 days of *Willis* credit for the time he spent in pre-sentence state custody between June 12, 2006 and November 7, 2006.

7

**instead of December 6, 2012**, as it now stands. Third, assuming that the BOP would credit Corley's sentence with 235 days (eight months) of anticipated GCT, Corley would not reach his projected release date until sometime **in late July or early August 2013, instead of April 15, 2012**, as it now stands. As this time-line reveals, the Federal Court's decision to run Corley's federal sentence concurrent with his state sentence results in an approximate fifteen-month reduction of Corley's sixty-month federal sentence, which is twenty-five percent of his total federal sentence.

The fact that Corley was taken from state custody for the purpose of appearing in Federal Court pursuant to a writ of habeas corpus *ad prosequendum* did not change his custody status. Such a writ is only a mechanism whereby the prisoner is "borrowed" by federal authorities, and the State retains "primary" jurisdiction over him. *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991) (producing state prisoner under writ of habeas corpus *ad prosequendum* does not relinquish state custody); *Salley v. United States*, 786 F.2d 546, 547-48 (2d Cir. 1986) (defendant produced and sentenced in federal court via writ of habeas corpus *ad prosequendum* did not begin to serve consecutive federal sentence until delivered into federal custody).

In *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. September 27, 2000) (Table), Huffman alleged that he was entitled to credits for more than two years, during which he was primarily in the custody of the North Carolina Department of Corrections and only secondarily in the custody of the United States Marshals, pursuant to a writ of habeas corpus *ad prosequendum*. The Sixth Circuit disagreed, stating: "The length of time . . . spent on the federal writ of habeas corpus ad prosequendum does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence." *Huffman*, 2000 WL 1478368 at *2 (citation omitted).

The Sixth Circuit determined that because Huffman received credit on his state sentence for the period of his incarceration up to the commencement of his federal sentence, time in which he had been held secondarily in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, crediting him for the same time again would result in Huffman receiving "improper double credit." *Id*., citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). *See also Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. . . . If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit.") (internal citations omitted).

Accordingly, Corley is not entitled to credit on his federal sentence for the time he served in state custody between November 8, 2006, and May 5 , 2008, because that credit had been applied to his state sentence, and a federal prisoner is not entitled to "double credit" under § 3585(b). Further, Corley is not entitled to credit for the time he spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, because doing so would also result in him receiving improper double credit, which § 3585(b) prohibits.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Alfonzo Wesley Corley's 28 U.S.C. § 2241 petition [D. E. 2] is **DENIED**;

(2) This proceeding is **DISMISSED WITH PREJUDICE**; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent, Eric D. Wilson, former Warden of USP-McCreary.

This August 2, 2011.

   **Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**